**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIM. NO. 3:16-CR-39 (CAR)** |
| **v.** | : | |
| | : | |
| **MOHAMMED NIHAL PATEL** | : | |
| | : | |

Filed at 4:28 PM
02-06, 2017
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

# PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and MOHAMMED NIHAL PATEL, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Superseding Information in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant the attorney's understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of a lawyer at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could

not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's lawyer. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A) Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Superseding Information, which charges Defendant with Use of Facilities in Interstate ~~and Foreign Commerce to Transmit Information about a Minor, in~~ to promote, manage and carry on an unlawful activity: to wit: prostitution & using communication facilities in interstate commerce. violation of Title 18, United States Code, Section ~~2425~~ 1952(a)(3).

(B) Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant to a term of imprisonment of not more than five (5) years, a $250,000.00 fine, or both, and at least three (3) years of supervised release. Defendant

further acknowledges that the Court is required to impose a mandatory assessment of $100.00 (per count).

(C) Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's counsel, the Government, or the Probation Office. Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's counsel, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct guideline range.

(D) Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a pre-sentence investigative report has been completed. Defendant understands and has discussed with Defendant's attorney that Defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. Defendant understands and has discussed with Defendant's attorney that any objections or challenges by Defendant or Defendant's attorney to the Pre-Sentence Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E) Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range in this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G) Defendant understands that ordinarily 18 U.S.C. § 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, Defendant by this agreement forever waives any right to an appeal or other collateral review of Defendant's sentence in any court, except for any claim of ineffective assistance of counsel. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then Defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that Defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

Defendant and the United States Attorney agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the United States Attorney appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

(H) Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding Defendant's involvement and the involvement of all others involved in the charges alleged in the present Superseding Information as well as any and all criminal violations about which Defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. Defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. Defendant understands that this agreement does not require Defendant to implicate any particular individual or individuals or to "make a case," rather it requires Defendant to be truthful and to testify truthfully whenever called upon.

(I) Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J) Defendant recognizes that, for a defendant who is not a United States citizen, there are a broad range of crimes which are removable offenses, including the offense to which Defendant is pleading guilty. Defendant further recognizes that if convicted of the present crime, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

(K) Defendant understands that by pleading guilty, Defendant may be required to register as a sex offender upon Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. §3583(d). Defendant also understands that independent of supervised release, Defendant may be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that if he is required to register as a sex offender, the Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that if he required to register as a sex offender, the Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If Defendant resides in Georgia following release from prison, Defendant may be subject to the registration requirements of O.C.G.A. § 42-1-12, *et seq.*, or if in another state to any reporting or registration requirements in that state. Defendant further

understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction.

As a condition of supervised release, Defendant understand that if he has to register as a sex offender, the Defendant shall initially register with the state sex offender registration in Georgia, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update Defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against Defendant.

(B) That he further agrees, if Defendant cooperates truthfully and completely with the Government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to Defendant's cooperation, to make the extent of Defendant's cooperation known to the sentencing court. If Defendant is not completely truthful and candid in Defendant's cooperation with the Government, Defendant may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the Government agrees to consider whether such

cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. § 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines warranting the filing of a motion at the time of sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed subsequent to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. In either case, Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the Government. Any good faith efforts on the part of Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. In addition, should Defendant fail to cooperate truthfully and completely with the Government, or if Defendant engages in any additional criminal conduct, Defendant shall not be entitled to consideration pursuant to this paragraph.

(C) Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the Government by Defendant in connection with Defendant's cooperation and as a result of Defendant's plea agreement to cooperate will not be used in determining the applicable guideline range. Further, the Government agrees not to bring additional charges against Defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. § 924(e)(2)(B), based on any information provided by Defendant in connection with Defendant's cooperation, which information was not known to the Government prior to said cooperation. This does not restrict the Government's use of information previously known or independently obtained for such purposes.

(D) If Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not Defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that Defendant has not accepted responsibility, including, but not limited to, denying Defendant's involvement, giving conflicting statements as to Defendant's involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and Defendant, by and through Defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under

U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

On October 14 through 16 of 2016, the Child Exploitation and Computer Crimes Unit of the Georgia Bureau of Investigation (GBI), and the Georgia Internet Crimes Against Children Task Force conducted an undercover operation. The GBI operation, titled "Southern Hospitality," targeted online child predators who were willing to pay to have sex with a child.

As part of the undercover operation, the GBI posted ads on Backpage.com, which is a website frequently used for soliciting prostitution. The Backpage.com ad placed on October 14 and another one on October 15, 2016. The ad contained numerous pictures, including one of a young girl hanging from monkey bars on a playground. The ad had a picture that said, "Keep Calm and Love Older Men," and one of a llama that said, "Save the drama for your llama." And the ad used the code for offering a child prostitute, listing the poster's age as "99." The individual posing in the ads as a child was, in fact, a very petite and youthful-looking undercover officer (UC).

On October 15, 2016 MOHAMMED NIHAL PATEL (herein after Patel) called and sent texts to the undercover officer (UC) at the phone number posted in the Back-page ad at approximately 7:35 PM. The cell phone used by Patel to call the U/C was (404) 510-4194 which was found in his possession when he was arrested later that evening.

Patel wanted to know if the U/C using the name "Missy" would have sex with him for $120.00 instead of the posted rate of $150.00 for one (1) hour. The U/C said no unless Patel brought "party favors". Patel asked if she meant alcohol and the U/C responded: "im down for

that". Patel asked if she had a motel and she replied: "if u buy the room I guess not lol". Patel asked "you don't have a room?" and she stated "No damn. Im 14 I cant rent a room!".

Patel said he needed to think about it and wanted to know if she had done this before. The U/C replied "yea. Do it all the time lol ;P" At 8:23 PM, Patel wrote "I will let you know babe". Patel sent another text at 9:10 PM asking how much she would charge for a blowjob (fellatio). "Like sucking and all". The U/C replied $60.00 and he asked where to meet and if she would give him a blow job for $50.00, U/C said she would do it for $40.00 if he was bringing "party favors"

In a series of conversations, Patel described his car as a silver Acura and it would take him about one hour to get to the Kroger's located in East Athens-Clarke County, Georgia. Patel wanted to know if she had a car and the U/C responded: " dude, I'm 14, what do you mean do I have a car?" Patel asked if her place was safe because "you are 14 and you know, I mean..." Patel then suggested that they stay inside the Kroger's for a while and then they could jump in his car. Patel was told to go to the parking lot area closest to the KFC (Kentucky Fried Chicken restaurant). Patel was arrested at approximately 11:30 PM. The officers found his I phone, a wallet with $275.00 and $40.00 in Patel's front pocket.

Patel admitted in a post Miranda statement that he communicated with the UC for the purpose of enticing whom he believed to be a 14 - year girl to have sex with him.

The parties stipulate and agree that the offense involved the use of a cellular phone, a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of a person to engage in prohibited sexual conduct.

(8)

ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by Defendant.

SO AGREED, this 6 day of February, 2017.

G.F. PETERMAN, III
UNITED STATES ATTORNEY

BY: ______________________
TAMARA JARRETT
ASSISTANT UNITED STATES ATTORNEY

I, MOHAMMED NIHAL PATEL, have read this agreement and had this agreement read to me by my attorney, Manny Arora, I have discussed this agreement with my attorney, and I fully understand it and agree to its terms.

MOHAMMED NIHAL PATEL
DEFENDANT

I, MANUBIR ARORA, attorney for Defendant MOHAMMED NIHAL PATEL, have explained the Superseding Information and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

MANUBIR ARORA
ATTORNEY FOR DEFENDANT